JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO LARA GAMEZ, *et al.*,<br><br>             Plaintiffs,<br><br>             v.<br><br>FCA US, LLC, *et al.*,<br><br>             Defendants. | Case No. 2:24-cv-09109-FLA (JCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 12]** |

### RULING

On September 17, 2024, Plaintiffs Guillermo Lara Gamez and Guillermo Gamez (together, "Plaintiffs") filed the Complaint in the Ventura County Superior Court, asserting against Defendant FCA US, LLC ("Defendant" or "FCA") five causes of action for violations of the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, *et seq.*, and fraudulent inducement. Dkt. 1-1 ("Compl.") ¶¶ 40–67. As relevant here, Plaintiffs seek actual damages, civil penalties, punitive damages, and attorney's fees. *Id.* at 11–12.[1]

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System rather than any page numbers included natively.

On October 22, 2024, Defendant removed the action to this court, alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 ("NOR") at 4–8. On November 20, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 12. Defendant filed a response on December 2, 2024. Dkt. 15 ("Def. Resp."). Plaintiffs filed a response on December 4, 2024. Dkt. 17.

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish subject matter jurisdiction by a preponderance of the evidence and REMANDS this action to the Ventura County Superior Court.

## **DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof,"

1  and the court may then decide whether the defendant has proven the amount in
2  controversy "by a preponderance of the evidence." *Id.* at 88–89.  As the removing
3  party, Defendant bears the burden to justify this court's exercise of jurisdiction.  *Gaus*
4  *v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  "Federal jurisdiction must be
5  rejected if there is any doubt as to the right of removal in the first instance."  *Id.* at
6  566.

### A. Actual Damages

At issue here is whether the amount in controversy exceeds the $75,000 jurisdictional minimum for diversity jurisdiction.  Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).  This includes a mileage offset, which is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven.  *Id.* § 1793.2(d)(2)(C).

Defendant states the sale price of the vehicle is $55,420.48.  Def. Resp. at 2; Dkt. 15-3 ("Sheridan Decl.") ¶ 6.  While the Song-Beverly Act allows a plaintiff to recover the full purchase price of a car, this amount should be reduced to account for any use by plaintiff prior to the first repair of the vehicle.  *Sanchez v. Ford Motor Co.*, Case No. 2:18-cv-08023-RGK (SKx), 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018) (remanding case when defendant failed to account for use of the vehicle via a mileage offset).  Nevertheless, for purposes of this Order, the court assumes, without making any related legal or factual determinations, that the actual damages Plaintiffs might recover in this action are $55,420.48.

### B. Civil Penalties

Defendant next argues Plaintiffs' request for civil penalties of twice the base amount of damages must be included in the amount in controversy calculation.  Def.

3

Resp. at 4. "A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy) (quotation marks omitted).

District courts regularly find Song-Beverly Act plaintiffs' conclusory allegations regarding willfulness are insufficient to place civil penalties in controversy absent specific facts pleaded. *See Estrada*, 2021 WL 223249, at *3 (collecting cases "remanding where civil penalties were too speculative for inclusion in the amount-in-controversy") (quotation marks omitted). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks removed); *see also Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Defendant does not identify any specific facts or evidence to establish why Plaintiffs are reasonably likely to recover civil penalties under the Song-Beverly Act. *See* Def. Resp. at 4. Defendant also fails to prove it is reasonable to double the amount of actual damages in arriving at the size of a likely award. *See Pennon*, 2021 WL 2208578, at *2. The court, therefore, finds Defendant's inclusion of civil penalties to establish the amount in controversy is too speculative for inclusion in the court's amount in controversy calculation.

///

### C. Punitive Damages

Defendant's inclusion of punitive damages is likewise too speculative for inclusion in the amount in controversy calculation. Defendant argues that because Plaintiffs assert a fraudulent inducement claim, there is a possibility of punitive damages. Def. Resp. at 5–6. "But the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022) (quotation marks omitted). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* at 564–65. This involves "articulat[ing] why the *particular facts* that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* at 565 (quotation marks omitted).

Defendant does not provide any argument or explanation for why the particular facts alleged here might warrant punitive damages. *See* Def. Resp. Accordingly, the court finds Defendant fails to carry its burden to establish that punitive damages, let alone any specific amount of punitive damages are in controversy here.

### D. Attorney's Fees

Finally, Defendant contends Plaintiffs' demand for attorney's fees provides an additional reason for the court to determine the amount in controversy satisfies the jurisdictional minimum. Def. Resp. at 4–5. In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence … with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court

1  may reject the defendant's attempts to include future attorneys' fees in the amount in
2  controversy if the defendant fails to satisfy this burden of proof." *Id.*

3  "While a defendant may meet its burden to establish a reasonable estimate of
4  attorneys' fees by identifying awards in other cases, those cases must be similar
5  enough to the case at hand that the court can conclude that it is more likely than not
6  that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*,
7  Case No. 3:21-cv-00857-TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24,
8  2021); *see also D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx),
9  2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) (recognizing "many cases alleging
10 violations of the [Song-Beverly] Act settle early"). Moreover, a defendant fails to
11 show attorney's fees are part of the amount in controversy where it "makes no effort
12 to explain what amount of attorney fees might be sought or awarded in this case,
13 neglecting to include so much as an estimate of the hours or billing rates that might
14 apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL
15 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

16 Defendant does not provide or substantiate a reasonable lodestar estimate for a
17 potential attorney's fee award in this action and argues instead that courts routinely
18 award attorney's fees in excess of $25,000 in Song-Beverly Act cases. Def. Resp. at
19 6. Defendant, however, fails to identify any specific decision where a court awarded
20 attorney's fees totaling $25,000. *See id.* Nor does Defendant explain how the specific
21 facts of this case are analogous to cases where courts awarded such attorney's fees.
22 *See id.* That this action also involves claims under the Song-Beverly Act is alone
23 insufficient to establish that this amount of attorney's fees is at issue here.

24 It is Defendant's burden to show, by a preponderance of the evidence, that at
25 least $19,579.52 in attorney's fees are in controversy. Given that the removal statute
26 is construed strictly and all doubts are resolved in favor of remand, the court finds
27 Defendant has failed to demonstrate the amount in controversy exceeds the
28 jurisdictional minimum based on attorney's fees.

**CONCLUSION**

For the aforementioned reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. The court, therefore, REMANDS the action to the Ventura County Superior Court, Case No. 2024CUBC030599. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: December 13, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge